FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 1 3 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENEDRA BINYARD,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
CORRECTIONS,

                Defendant.
------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
15-CV-4670 (WFK) (RML)

**KUNTZ, II, United States District Judge:**

    On August 6, 2015, plaintiff Jenedra Binyard, appearing *pro se,* filed this action against defendant alleging the violation of her constitutional rights. Plaintiff alleges that her son was born on April 16, 1997 and died four days later on April 20, 1997, at the Brooklyn Hospital Center. Although plaintiff returned to the hospital to make arrangements for her son's burial, the hospital had already sent the body to City's potter's field. Plaintiff alleges that she has tried to visit potter's field several times, but has been denied access. Plaintiff alleges that the "City of New York has violated my rights by not letting me see him." Compl. at 2. She seeks $1 million in damages. *Id.* For the reasons set forth below, the complaint is transferred to the United States District Court for the Southern District of New York.

### Discussion

    Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Even if venue is proper, a district court "may *sua sponte* transfer an action in the interest of justice and for the convenience of the parties and witnesses, pursuant to 28 U.S.C. § 1404(a)[,]" which permits a transfer to any district court where an action might have been brought. *Taite v. Colgate Univ.*, No. 12-CV-3435, 2012 WL 9334547, at *1 (E.D.N.Y. July 11, 2012) (Mauskopf, J.) (citations omitted); *Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013).

Under § 1404(a), transfer appears to be appropriate in this case. There is a proposed class action pending in the Southern District of New York concerning the very same issue – public access to the City's public burial ground on Hart Island. *See Lusero v. The City of New York*, No. 14 Civ. 9533 (VSB) (filed Dec. 3, 2014) (class certification and settlement pending). Although plaintiff names the New York City Department of Correction (presumably because it is responsible for operating and maintaining the City's public burial ground, see http://www.nyc.gov/html/doc/html/about/hart_island.shtml (last visited Aug. 13, 2015), her allegations, liberally construed, suggests a plausible claim against the City of New York. Furthermore, plaintiff alleges that a substantial part of the events or omissions underlying her claim arose because of her lack of access to the potter's field on Hart Island which is considered part of the Borough of the Bronx and hence is within the jurisdiction of the Southern District of New York. *See* 28 U.S.C. § 112(b). Venue is therefore proper in the Southern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this complaint to the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 1404(a).

## Conclusion

The Clerk of Court is directed to transfer this complaint to the United States District Court for the Southern District of New York. A ruling on plaintiff's application to proceed *in forma pauperis* is reserved for the transferee court. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay is waived. No summons shall issue from this Court.

SO ORDERED.

William F. Kuntz, II
United States District Judge

Dated: Brooklyn, New York
       August 13, 2015